

**DLA LLP (US)**
444 West Lake Street
Suite 900
Chicago, Illinois 60606-0089
www.dlapiper.com

Norman M. Leon
Norman.Leon@us.dlapiper.com
T  312.368.2192
F  312.630.6322

June 27, 2023

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning United States Courthouse
95 Seventh Street
San Francisco, CA 94103

**Re:** *Carmona v. Domino's Pizza LLC*, No. 21–55009
(oral argument before Judges Wardlaw, Parker, and Hurwitz held June 20, 2023)

Dear Ms. Dwyer:

Pursuant to Fed. R. App. P. 28(j), we write in response to the Court's oral-argument reference to *Fraga v. Premium Retail Services, Inc.*, 61 F.4th 228 (1st Cir. 2023).

The first issue in *Fraga* concerned whether plaintiffs who received materials at their homes and drove them to customers' stores for display did so "frequently" enough to be deemed "transportation workers" under the residual-clause exemption. This part of *Fraga*, which the court concluded required more fact-finding, is not relevant to this case.

The question in this case regards the second issue in *Fraga*. The *Fraga* court considered whether plaintiffs who made entirely intrastate trips were "engaged in" interstate commerce under *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022). The First Circuit suggested they were so engaged because the "materials—from the beginning—were all destined for particular retail stores." *Fraga*, 61 F.4th at 241. Citing *Walling v. Jacksonville Paper Co.*, 317 U.S. 564 (1943), the court contrasted this with situations involving "an out-of-state delivery that ends in . . . general inventory, followed by an in-state trip to a customer's home when [it is] later determine[d] the [item] is required[.]" *Id.*

This latter situation is precisely the facts of this case. Various goods are shipped to the Supply Center in anticipation of future sales, where they sit in "general inventory" unless and until an in-state, third-party franchisee "determines [they are] required[.]" *Id.* Any "out-of-state sources of [these goods] undoubtedly would not . . . regard[] their goods as still being in transit after they arrived at the" Supply Center, and no one "could determine which [goods] were destined for which" franchisees "at the time [they] left" those sources. *Id.*

*Fraga*'s approach is consistent with *Walling*, *Immediato v. Postmates, Inc.*, 54 F.4th 67 (1st Cir. 2022), *Lopez v. Cintas Corp.*, 47 F.4th 428 (5th Cir. 2022), *Archer v. Grubhub, Inc.*, 490



Name
June 27, 2023
Page 2

Mass 352 (2022), and even *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 915–16 (9th Cir. 2020) (using a stream-of-commerce test). Under this approach, the class of workers in this case is not encompassed by the residual-clause exemption.

    Respectfully submitted,

    /s/ Norman M. Leon
    Norman M. Leon
    **DLA Piper LLP (US)**
    444 West Lake Street
    Suite 900
    Chicago, Illinois 60606-0098

    *Attorney for Defendant-Appellant*
    *Domino's Pizza LLC*

Certificate of Compliance with Word Limitation

    This letter complies with the word limitation of Fed. R. App. P. 28(j) because the body of this letter does not exceed 350 words.

    /s/ Norman M. Leon
    Norman M. Leon

Certificate of Service

    I hereby certify that a true and correct copy of this letter was filed with the Clerk by using the CM/ECF system, which will automatically send a notice of this electronic filing to all counsel of record.

    /s/ Norman M. Leon
    Norman M. Leon